**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1114
_____

UNITED STATES OF AMERICA

v.

JAMEL COVINGTON,
also known as MEL LOVE
also known as MAL
also known as JAMAL ABDUL COVINGTON,
            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cr-00636-008)
District Judge: Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 25, 2023

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges.*

(Filed: March 8, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

Jamel Covington challenges the District Court's denial of his motion to suppress evidence seized from his storage unit. But the search warrant was supported by probable cause, so we will affirm the District Court's decision.

**I.**

In 2019, a confidential informant identified Covington as a cocaine trafficker. Following that lead, investigators coordinated a drug purchase from Covington, surveilling him as he stopped at several locations driving to the meeting place. One stop was at a U-Haul self-storage facility, where investigators observed Covington entering storage unit 416. After leaving the facility and making a few more stops, Covington sold narcotics to the informant as planned.

Suspecting the U-Haul unit contained drugs, law enforcement applied for a search warrant for rental records. The accompanying affidavit explained the affiant's experience in narcotics investigations, contact with the informant, the surveillance, and Covington's drug-related criminal history. The affidavit did not provide specific details about the informant or the controlled buy, omissions the government explains served to protect the informant's identity. The search warrant was granted and executed, producing records confirming that Covington rented unit 416.

Investigators then performed a canine drug sniff outside the unit. Chester City Police Officer William Murphy and his canine, Chase, were enlisted for the assignment but were not told which unit belonged to Covington. Officer Murphy and his canine performed a search along the even-numbered 400-level units, resulting in a positive alert

2

for narcotics on unit 416. Although the canine also lightly scratched the neighboring unit, Officer Murphy did not consider that scratch a positive alert.

Based on the canine sniff, investigators prepared another affidavit for a search warrant for Covington's storage unit and the neighboring unit. The warrant was granted, and officers recovered ten handguns, seven cellphones, marijuana, cocaine, heroin, and miscellaneous paperwork from Covington's unit. A search of the neighboring unit found no contraband. Covington sought to suppress the evidence recovered from his storage unit, claiming a lack of probable cause. Following a hearing, the District Court denied Covington's motion. Covington now appeals.[1]

## II.

We review the District Court's factual findings for clear error and exercise plenary review over questions of law. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002) (citation omitted). A finding is clearly erroneous only when we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Igbonwa*, 120 F.3d 437, 440 (3d Cir. 1997) (citations omitted). In this inquiry, "we construe the record in the light most favorable to the government." *United States v. Harrison*, 689 F.3d 301, 306 (3d Cir. 2012) (citation omitted).

A reasonable search under the Fourth Amendment ordinarily "must be effectuated with a warrant based on probable cause." *United States v. Johnson*, 592 F.3d 442, 447 (3d Cir. 2010) (citation omitted). A magistrate may find probable cause when "there is a fair

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

probability that contraband or evidence of a crime will be found" in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Covington argues that the canine sniff was unreliable, because the dog was improperly cued, lacked proper training, and falsely alerted for contraband on the neighboring unit. We disagree. Probable cause turns on the totality of the circumstances, and courts reject "rigid rules" and "strict evidentiary checklist[s]" in favor of a "flexible, all-things-considered approach." *Florida v. Harris*, 568 U.S. 237, 244 (2013). That means "evidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust [its] alert." *Id.* at 246.

Here, the canine sniff satisfied that standard. Officer Murphy's dog was certified annually by the National Police Canine Association ("NPCA"), which the District Court properly considered a "bona fide" training organization. *Id.* at 246–47 (stating that if a "bona fide organization" certified a canine after testing its reliability in a controlled setting, courts "can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search"). The District Court weighed Covington's evidence seeking to challenge the reliability of that certification, largely introduced through an expert witness and report, against the government's contrary evidence— including expert evidence. In the face of this conflicting evidence, the District Court's conclusion that NPCA's certification process produces reliable dogs was not clearly erroneous. The dog's alert on Covington's storage unit was clear and unambiguous—a

finding confirmed by video recording.[2] And the District Court did not clearly err in finding there was no improper cuing or bias on Officer Murphy's part.

Moreover, the additional statements in the affidavit are sufficient to show probable cause even without the dog sniff. Although "direct evidence linking the crime with the place to be searched" is ideal, a search warrant may issue "even without direct evidence." *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010).

Here, the affidavit described the affiant's experience in law enforcement; his knowledge of illegal drug trades and attendance at narcotics seminars; his interactions with the informant who implicated Covington, along with a description of how the affiant evaluated the informant's credibility; the surveillance of Covington at the U-Haul storage facility and, specifically, Covington's entry into unit 416; U-Haul's rental records showing Covington as the active renter of that unit; and the reasons why drug traffickers often store their supply in similar storage facilities. That is sufficient, because "[p]robable cause can be, and often is, inferred from 'the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide [evidence].'" *Id.* (quoting *United States v. Jones*, 994 F.2d 1051,

---

[2] Whether the canine incorrectly alerted on Covington's neighboring unit does nothing to change the probable cause determination. *See Harris*, 568 U.S. at 249 ("[W]e do not evaluate probable cause in hindsight, based on what a search does or does not turn up." (citation omitted)).

1056 (3d Cir. 1993)).[3]

## III.

For these reasons, we will affirm the District Court's decision.

---

[3] Covington also challenges the District Court's failure to conduct a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). A *Franks* hearing must be held when a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and when "the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155–56. Covington reiterates his objections to the dog sniff, and he alleges investigators failed to confirm the trustworthiness of the informant and omitted the date and time of their surveillance. But there was no improper cuing or bias during the dog sniff, and Covington has not shown that any other alleged false statements or omissions were necessary for a probable cause finding.